## SEALE v. CORLEY.
### No. 15118.

Court of Civil Appeals of Texas.
Fort Worth.
April 14, 1950.

Rehearing Denied May 12, 1950.

Bonney, Paxton & Wade, and Neil Brans, all of Dallas, for appellant.

Thompson, Knight, Wright, Weisberg & Simmons, and Dan Rogers, all of Dallas, for appellee.

HALL, Justice.

Appellee T. B. Corley recovered judgment for the sum of $5800 in a district court of Dallas County, Texas, against Homer W. Snowden and appellant Henry L. Seale (the judgment became final as to Snowden).

The trial court's judgment, predicated upon jury answers to special issues, is founded upon facts that relate damage done to an aircraft which appellee contracted to store with appellant on Hicks Field in Tarrant County, Texas; said damage was caused by the negligence of appellant's agent, servant or employee while taxiing the aircraft by allowing same to overturn.

Appellant's first point cites error of the trial court in permitting introduction of evidence pertaining to the original cost of the aircraft plus cost of improvements thereon, over objection, when appellee's allegations as to damages were based upon the difference in cash market value prior and subsequent to the damage.

We overrule this contention. One of appellee's witnesses testified that the cash market value of the airplane was approximately $7500 prior to its damage and the cash market value immediately after said damage was no more than $1000. This testimony in our opinion is sufficient to support the trial court's judgment based upon jury findings in answer to special issue No. 12 that the reasonable cash market value of the aircraft immediately before it was overturned at Hicks Field on October 31, 1947, was $6800, and, in answer to special issue No. 13, that the reasonable cash market value of appellee's plane immediately after it was overturned on Hicks Field was $1000. Appellee testified upon cross examination that he paid $3500 for the plane from the Government and expended approximately $5000 in converting it into a passenger plane. We think this testimony goes to the weight of the market value and is not within itself error, more particularly since appellant interrogated the witness at some length relative to such costs.

Appellant's point two is designed to show error of the trial court in rendering judgment for appellee because there is insufficient evidence to support the jury finding that appellant Seale was jointly operating Hicks Field with defendant Snowden at the time the aircraft was damaged. While most of the testimony relative to appellant Seale and defendant Snowden jointly operating Hicks Field is circumstantial, yet we find same sufficient to support the trial court's judgment. Appellant Seale admitted having a verbal agreement with Snowden to operate said field, that he hired and fired men to operate same, that he collected money for its operation, that he himself had a large amount of equipment and merchandise located on the field, that he kept books in his office relative to operation of the field, that he sold gas and oil on the premises, that he recommended hiring of the pilot who overturned said airplane, that he drove appellee to see Mr. Snowden. Mr. Snowden testified that he instructed Mr. Seale to have the airplane repaired.

Jimmie Wooten, the pilot in question, testified he lived on the field, that he did work for both Seale and Snowden, that he received money for storage and turned it over to both Seale and Snowden.

There is testimony to the effect that Snowden and Seale had attempted to organize a corporation to operate the field but same was never completed.

Appellant's contention is that he was merely doing some operational work for Snowden; that Jimmie Wooten was an employee for Douglas Guardian Warehouse Company, which had a portion of the field leased, and that he was not a partner with Snowden. While it is sometimes difficult to prove partnership, yet by reading the record in this case we find there is sufficient circumstantial evidence to support the trial court's judgment based upon the jury findings in answer to an issue to effect that defendant Snowden and appellant Seale were jointly operating Hicks Field. This point is overruled.

Appellant's points three, four and five relate to error of the trial court in rendering judgment for appellee because the evidence is insufficient to show that Jimmie Wooten was not an employee of appellant

Seale and/or the defendant Snowden, and that Jimmie Wooten was not acting within the scope of his employment or agency.

■ There is sufficient evidence to warrant the jury findings to the effect (1) that Jimmie Wooten was acting as agent, servant or employee for Snowden and Seale at the time and place in question; (2) that the plane was overturned while being taxied by Jimmie Wooten in front of hangar No. 3 on Hicks Field while he was acting within the scope of his employment or agency for Snowden and Seale; (3) such acts were negligence; and (4) same was a proximate cause of damage to appellee's plane. We have heretofore outlined some of the testimony relative to this point. Jimmie Wooten testified in his deposition that Mr. Henry Seale employed him, "he employed me to run an inventory on the equipment here on Hicks Field and later take over operation of the field"; that he went over to Meacham Field and picked up the plane in question for the purpose of storing it on Hicks Field at the request of appellee's son; that even though Douglas Guardian Warehouse Company was paying his salary at the time and place in question, yet at such time he was assisting Snowden and Seale in the operation of the field. We overrule these points.

■ Appellant's points six and seven complain of the trial court's judgment because the evidence is insufficient to support the verdict of the jury that the alleged agent, Jimmie Wooten, was negligent in the operation of appellee's aircraft immediately prior to the damage, that such negligence was the proximate cause of the damage. These points are overruled.

Appellant's eighth point sets out his objection to the judgment as being erroneously entered because there is insufficient evidence to show any act of negligence on the part of Jimmie Wooten other than the element of the wind blowing at the time, the jury having found in answer to a special issue that the damage to the plane was not the result of an unavoidable accident. There is evidence supporting the jury finding that appellant's agent was negligent in several respects. In the first place, if he had employed the custom by properly pushing said plane into the hangar instead of taxiing it with its own power, the damage probably would not have been done. It was not necessary for him to taxi the plane over a small ditch which was some distance from the hangar when the plane was already located at the hangar. The jury had before it the general operation of appellant's agent in moving the plane around over the field, together with a picture showing its condition immediately after it was damaged.

Finding a fair and impartial trial was had, we affirm the judgment of the trial court.